**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| AMAN E. TAFFERE,<br><br>Plaintiff,<br><br>v.<br><br>COVETRUS, INC.,<br><br>Defendant. | Civil Action No. 2:25-cv-00591-LEW |

**DEFENDANT COVETRUS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Defendant Covetrus, Inc. ("Covetrus") responds to the allegations set forth in the Complaint and Jury Demand filed by Plaintiff Aman E. Taffere ("Plaintiff") (together the "Parties") and asserts its Affirmative Defenses as follows:

**INTRODUCTION**

1. Paragraph 1 of the Complaint is an introductory statement of the claims to which no response is required. To the extent a response is required, Covetrus denies the allegations set forth in Paragraph 1 of the Complaint.

2. Covetrus admits that Plaintiff reported alleged sex-based favoritism to Covetrus' Employee Relations Department prior to his termination. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegation set forth in Paragraph 2 of the Complaint and therefore denies them.

3. Covetrus admits that Plaintiff was terminated due to a reduction in force. Covetrus denies the remaining allegations set forth in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint is an introductory statement of the claims to which no response is required. To the extent a response is required, Covetrus denies that Plaintiff is entitled to the claimed relief.

**JURISDICTION AND VENUE**

5. Paragraph 5 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Covetrus admits only that it does not contest subject matter jurisdiction at this time based on the set of facts presently known and available.

6. Paragraph 6 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Covetrus admits only that it does not contest venue based on the set of facts presently known and available.

**PARTIES**

7. On information and belief, Covetrus admits to the allegations set forth in Paragraph 7 of the Complaint.

8. Covetrus admits to the allegations set forth in Paragraph 8 of the Complaint.

9. Covetrus denies the allegations set forth in Paragraph 9 of the Complaint to the extent they purport to summarize and/or characterize the Notice of Right-to-Sue dated August 27, 2025, which speaks for itself. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Complaint and therefore denies them.

10. Covetrus denies the allegations set forth in Paragraph 10 of the Complaint to the extent they purport to summarize and/or characterize the Notice of Right-to-Sue dated October 15, 2025, which speaks for itself. Covetrus lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations set forth in Paragraph 10 of the Complaint and therefore denies them.

11. Covetrus admits that Plaintiff was terminated on June 26, 2025. Covetrus denies the remainder of the allegations set forth in Paragraph 11 of the Complaint.

## FACTUAL BACKGROUND

12. Covetrus admits that Plaintiff began working for Covetrus as a contractor through Voice Teleservices on November 1, 2021.

13. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies them.

14. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies them.

15. Covetrus admits that Plaintiff, at a minimum, made attempts to alter his own customer communications without authorization from Covetrus to do so and in violation of Covetrus' policies regarding approval of customer communications.

16. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies them.

17. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies them.

18. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and therefore denies them.

19. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and therefore denies them.

20. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and therefore denies them.

21. Covetrus denies allegations that Plaintiff's production and quality of work gained the attention of Covetrus management. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21 of the Complaint and therefore denies them.

22. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and therefore denies them.

23. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint and therefore denies them.

24. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint and therefore denies them.

25. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint and therefore denies them.

26. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and therefore denies them.

27. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and therefore denies them.

28. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and therefore denies them.

29. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint and therefore denies them.

30. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint and therefore denies them.

31. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and therefore denies them.

32. Covetrus denies the allegations set forth in Paragraph 32 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's conversations with Covetrus management. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 32 of the Complaint and therefore denies them.

33. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint and therefore denies them.

34. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint and therefore denies them.

35. Covetrus admits that it offered Plaintiff full time employment in February 2024. Covetrus denies the remainder of the allegations set forth in Paragraph 35 of the Complaint.

36. Covetrus admits that Plaintiff declined an initial offer for full time employment as a Customer Service Representative. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36 of the Complaint and therefore denies them.

37. Covetrus admits that Plaintiff declined an initial offer for full time employment as a Customer Service Representative. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37 of the Complaint and therefore denies them.

38. Covetrus admits that Plaintiff accepted an offer for full time employment as a Senior Customer Service Exceptions Representative in February 2024. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 38 of the Complaint and therefore denies them.

39. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint and therefore denies them.

40. Covetrus states that it did not instruct Plaintiff to work outside his regularly schedules hours. Covetrus denies the remainder of the allegations set forth in Paragraph 40 of the Complaint.

41. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint and therefore denies them.

42. Covetrus admits that Plaintiff worked outside his regularly scheduled hours without authorization from Covetrus to do so.

43. Covetrus admits that Plaintiff worked outside his regularly scheduled hours without authorization from Covetrus to do so. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 43 of the Complaint and therefore denies them.

44. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint and therefore denies them.

45. Covetrus admits that Plaintiff worked outside his regularly scheduled hours without authorization from Covetrus to do so. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 45 of the Complaint and therefore denies them.

46. Covetrus admits that employees in the Customer Experience Department meet with Covetrus management on a regular basis to discuss various subject matters. Covetrus denies the remaining allegations set forth in Paragraph 46 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meetings with Covetrus management.

47. Covetrus denies the allegations set forth in Paragraph 47 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meetings with Covetrus management.

48. Covetrus admits that Plaintiff worked outside his regularly scheduled hours without authorization from Covetrus to do so. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 48 of the Complaint and therefore denies them.

49. Covetrus denies the allegations set forth in Paragraph 49 of the Complaint.

50. Covetrus admits that Plaintiff was offered the position of Senior Customer Service Exceptions Representative. Covetrus denies the remainder of the allegations set forth in Paragraph 50 of the Complaint.

51. Covetrus admits that Plaintiff received training in 2024. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 51 of the Complaint and therefore denies them.

52. Covetrus admits that Plaintiff received training in 2024. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 52 of the Complaint and therefore denies them.

53. Covetrus denies the allegations set forth in Paragraph 53 of the Complaint.

54. Covetrus denies the allegations set forth in Paragraph 54 of the Complaint.

55. Covetrus admits that it hired additional agents for its Customer Service team. Covetrus denies the remaining allegations set forth in Paragraph 55 of the Complaint.

56. Covetrus admits that employees in the Customer Experience Department meet with Covetrus management on a regular basis to discuss various subject matters. Covetrus denies the remaining allegations set forth in Paragraph 56 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meetings with Covetrus management.

57. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint and therefore denies them.

58. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint and therefore denies them.

59. Covetrus admits that it hired additional agents for its Customer Service team in August 2024. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 59 of the Complaint and therefore denies them.

60. Covetrus admits that employees in the Customer Experience Department meet with Covetrus management on a regular basis to discuss various subject matters. Covetrus denies the remaining allegations set forth in Paragraph 60 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meetings with Covetrus management.

61. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint and therefore denies them.

62. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint and therefore denies them.

63. Covetrus admits that employees in the Customer Experience Department meet with Covetrus management on a regular basis to discuss various subject matters. Covetrus denies the

remaining allegations set forth in Paragraph 63 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meetings with Covetrus management.

64. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint and therefore denies them.

65. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint and therefore denies them.

66. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint and therefore denies them.

67. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint and therefore denies them.

68. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint and therefore denies them.

69. Covetrus denies the allegations set forth in Paragraph 69 of the Complaint.

70. Covetrus denies the allegations set forth in Paragraph 70 of the Complaint.

71. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint and therefore denies them.

72. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint and therefore denies them.

73. Covetrus denies the allegations set forth in Paragraph 73 of the Complaint as they thy purport to characterize and/or summarize Plaintiff's conversations with Covetrus management.

74. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint and therefore denies them.

75. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint and therefore denies them.

76. Covetrus admits that employees in the Customer Experience Department meet with Covetrus management on a regular basis to discuss various subject matters. Covetrus denies the remaining allegations set forth in Paragraph 76 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meetings with Covetrus management.

77. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint and therefore denies them.

78. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint and therefore denies them.

79. Covetrus admits that employees in the Customer Experience Department meet with Covetrus management on a regular basis to discuss various subject matters. Covetrus denies the remaining allegations set forth in Paragraph 79 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meetings with Covetrus management.

80. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint and therefore denies them.

81. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint and therefore denies them.

82. Covetrus admits that employees in the Customer Experience Department meet with Covetrus management on a regular basis to discuss various subject matters. Covetrus denies the remaining allegations set forth in Paragraph 82 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meetings with Covetrus management.

83. Covetrus denies the allegations set forth in Paragraph 83 of the Complaint.

84. Covetrus admits that employees in the Customer Experience Department meet with Covetrus management on a regular basis to discuss various subject matters. Covetrus denies the remaining allegations set forth in Paragraph 84 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meetings with Covetrus management.

85. Covetrus denies the allegations set forth in Paragraph 85 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meetings with Covetrus management.

86. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint and therefore denies them.

87. Covetrus states that Covetrus employee Nick Pantaleo served as Head of Customer Care until December 31, 2024. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 87 of the Complaint and therefore denies them.

88. Covetrus states that Covetrus employee Nick Pantaleo served as Head of Customer Care until December 31, 2024. Covetrus admits that employees in the Customer Experience Department meet with Covetrus management on a regular basis to discuss various subject matters. Covetrus denies the remaining allegations set forth in Paragraph 88 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meetings with Covetrus management.

89. Covetrus denies the allegations set forth in Paragraph 89 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meetings with Covetrus management.

90. Covetrus denies the allegations set forth in Paragraph 90 of the Complaint.

91. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint and therefore denies them.

92. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Complaint and therefore denies them.

93. Covetrus denies the allegations set forth in Paragraph 93 of the Complaint.

94. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint and therefore denies them.

95. Covetrus admits that on December 6, 2024, Covetrus announced the roll out of the Five9 “Virtual Observer” program. Covetrus denies the remaining allegations set forth in Paragraph 95 of the Complaint because they purport to summarize and/or characterize the terms of Covetrus’ announcement and Frequently Asked Questions, both of which speak for themselves.

96. Covetrus states that Plaintiff made complaints to Covetrus’ Employee Relations Department regarding allegations of retaliation and sex-based favoritism beginning in May 2025. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 96 of the Complaint and therefore denies them.

97. Covetrus admits that Plaintiff communicated with Covetrus’ Employee Relations personnel regarding his complaints of sex-based favoritism and retaliation. Covetrus denies the remaining allegations set forth in Paragraph 97 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff’s conversations with Covetrus’ Employee Relations personnel.

98. Covetrus admits that Plaintiff communicated with Covetrus’ Employee Relations personnel regarding complaints of alleged sex-based favoritism and retaliation. Covetrus denies the remaining allegations set forth in Paragraph 98 of the Complaint to the extent they purport to

characterize and/or summarize Plaintiff's conversations with Covetrus' Employee Relations personnel.

99. Covetrus admits that Plaintiff communicated with Covetrus' Employee Relations personnel regarding his complaints of sex-based favoritism and retaliation. Covetrus denies the remaining allegations set forth in Paragraph 99 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's conversations with Covetrus' Employee Relations personnel.

100. Covetrus admits that Plaintiff received an annual review in or around February 2025. Covetrus denies the remaining allegations set forth in Paragraph 100 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's annual review, which speaks for itself.

101. Covetrus denies the allegations set forth in Paragraph 101 of the Complaint.

102. Covetrus denies that there was a North America Town Hall meeting in March 2025. Covetrus further denies the allegations set forth in Paragraph 102 of the Complaint to the extent they purport to characterize and/or summarize a "company town hall" meeting.

103. Covetrus denies the allegations set forth in Paragraph 103 of the Complaint.

104. Covetrus denies the allegations set forth in Paragraph 104 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meetings with Covetrus management.

105. Covetrus admits that Plaintiff communicated with Covetrus' Employee Relations personnel regarding his complaints of alleged sex-based favoritism and retaliation. Covetrus denies the remaining allegations set forth in Paragraph 105 of the Complaint to the extent they

purport to characterize and/or summarize Plaintiff's conversations with Covetrus' Employee Relations personnel.

106. Covetrus admits that Plaintiff met with Covetrus Employee Relations personnel on March 14, 2025. Covetrus denies the remainder of the allegations set forth in Paragraph 106 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's conversations with Covetrus' Employee Relations personnel.

107. Covetrus denies the allegations set forth in Paragraph 107 of the Complaint.

108. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Complaint and therefore denies them.

109. Covetrus denies the allegations set forth in Paragraph 109 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meetings with Covetrus management.

110. Covetrus denies that a meeting between Plaintiff and Covetrus Employee Relations occurred in April 2025. Covetrus further denies the allegations set forth in Paragraph 110 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's conversations with Covetrus Employee Relations personnel and management.

111. Covetrus denies that a meeting between Plaintiff and Covetrus Employee Relations occurred in April 2025. Covetrus further denies the allegations set forth in Paragraph 110 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's conversations with Covetrus Employee Relations personnel.

112. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 of the Complaint and therefore denies them.

113. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113 of the Complaint and therefore denies them.

114. Covetrus admits that a meeting between Plaintiff and Covetrus Employee Relations occurred in May 2025. Covetrus denies the remaining allegations set forth in Paragraph 114 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meeting with Covetrus Employee Relations personnel.

115. Covetrus admits that a meeting between Plaintiff and Covetrus Employee Relations occurred in May 2025. Covetrus denies the remaining allegations set forth in Paragraph 115 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meeting with Covetrus Employee Relations personnel.

116. Covetrus denies the allegations set forth in Paragraph 116 of the Complaint.

117. Covetrus denies the allegations set forth in Paragraph 117 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's conversations with Covetrus management.

118. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Complaint and therefore denies them.

119. Covetrus denies the allegations set forth in Paragraph 119 of the Complaint.

120. Covetrus denies the allegations set forth in Paragraph 120 of the Complaint.

121. Covetrus denies the allegations set forth in Paragraph 121 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's conversations with Covetrus Employee Relations personnel.

122. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122 of the Complaint and therefore denies them.

123. Covetrus admits that Plaintiff submitted a complaint to the Maine Department of Labor in 2025. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 123 of the Complaint and therefore denies them.

124. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Complaint and therefore denies them.

125. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of the Complaint and therefore denies them.

126. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 126 of the Complaint and therefore denies them.

127. Covetrus denies the allegations set forth in Paragraph 127 of the Complaint.

128. Covetrus admits that a meeting between Plaintiff and Covetrus Employee Relations occurred in June 2025. Covetrus denies the remaining allegations set forth in Paragraph 128 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meeting with Covetrus Employee Relations personnel.

129. Covetrus denies the allegations set forth in Paragraph 129 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's meeting with Covetrus Employee Relations personnel in June 2025.

130. Covetrus denies the allegations set forth in Paragraph 130 of the Complaint.

131. Covetrus denies the allegations set forth in Paragraph 131 of the Complaint.

132. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132 of the Complaint and therefore denies them.

133. Covetrus denies the allegations set forth in Paragraph 133 of the Complaint to the extent they purport to characterize and/or summarize Covetrus' Computer Monitoring Policy, which speaks for itself.

134. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134 of the Complaint and therefore denies them.

135. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Complaint and therefore denies them.

136. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 136 of the Complaint and therefore denies them.

137. Covetrus admits that Plaintiff was terminated on June 26, 2025 due to a reduction in force. Covetrus denies the remaining allegations set forth in Paragraph 137 of the Complaint.

138. Covetrus admits that Plaintiff was terminated due to a reduction in force. Covetrus denies the remaining allegations set forth in Paragraph 138 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's conversations with Covetrus personnel.

139. Covetrus denies the allegations set forth in Paragraph 139 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's conversations with Covetrus personnel.

140. Covetrus denies the allegations set forth in Paragraph 140 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's conversations with Covetrus personnel.

141. Covetrus denies the allegations set forth in Paragraph 141 of the Complaint to the extent they purport to characterize and/or summarize Plaintiff's conversations with Covetrus personnel.

142. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 142 of the Complaint and therefore denies them.

143. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 143 of the Complaint and therefore denies them.

144. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144 of the Complaint and therefore denies them.

145. Covetrus admits that Plaintiff signed a computer monitoring agreement for his Covetrus-issued device. Covetrus denies the remaining allegations set forth in Paragraph 145 of the Complaint to the extent they purport to characterize and/or summarize the terms of Covetrus' computer monitoring agreement and/or conversations Plaintiff had with Covetrus employees regarding the computer monitoring policy.

146. Covetrus denies accessing Plaintiff's personal Gmail account and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 146 of the Complaint and therefore denies them.

147. Covetrus denies the allegations set forth in Paragraph 147 of the Complaint.

148. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 of the Complaint and therefore denies them.

149. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 of the Complaint and therefore denies them.

150. Covetrus denies the allegations set forth in Paragraph 150 of the Complaint.

151. Covetrus admits that Plaintiff was terminated due to a reduction in force. Covetrus denies the remaining allegations set forth in Paragraph 151 of the Complaint to the extent they purport to summarize and/or characterize Plaintiff's conversation with Covetrus personnel.

152. Covetrus denies the allegations set forth in Paragraph 152 of the Complaint.

153. Covetrus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 153 of the Complaint and therefore denies them.

154. Covetrus denies the allegations set forth in Paragraph 154 of the Complaint.

**COUNT I**
**SEX DISCRIMINATION**
**(TITLE VII AND MAINE HUMAN RIGHTS ACT)**

155. Covetrus incorporates its responses to the preceding paragraphs as if fully set forth herein.

156. Paragraph 156 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Covetrus denies the allegations set forth in Paragraph 156 of the Complaint.

157. Paragraph 157 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Covetrus denies the allegations set forth in Paragraph 157 of the Complaint.

158. Paragraph 158 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Covetrus denies the allegations set forth in Paragraph 158 of the Complaint.

**COUNT II**
**RETALIATION**
**(TITLE VII AND MAINE HUMAN RIGHTS ACT)**

159. Covetrus incorporates its responses to the preceding paragraphs as if fully set forth herein.

160. Paragraph 160 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Covetrus denies the allegations set forth in Paragraph 160 of the Complaint.

161. Paragraph 161 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Covetrus denies the allegations set forth in Paragraph 161 of the Complaint.

162. Paragraph 162 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Covetrus denies the allegations set forth in Paragraph 162 of the Complaint.

163. Paragraph 163 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Covetrus denies the allegations set forth in Paragraph 163 of the Complaint.

**COUNT III**
**WHISTLEBLOWER RETALIATION**
**(MAINE WHISTLEBLOWERS' PROTECTION ACT)**

164. Covetrus incorporates its responses to the preceding paragraphs as if fully set forth herein.

165. Covetrus denies the allegations set forth in Paragraph 165 of the Complaint.

166. Covetrus denies the allegations set forth in Paragraph 166 of the Complaint.

167. Covetrus denies the allegations set forth in Paragraph 167 of the Complaint.

168. Paragraph 168 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Covetrus denies the allegations set forth in Paragraph 168 of the Complaint.

**COUNT IV**
**INTRUSION UPON SECLUSION/INVASION OF PRIVACY**
**(MAINE COMMON LAW)**

169. Covetrus incorporates its responses to the preceding paragraphs as if fully set forth herein.

170. Covetrus denies the allegations set forth in Paragraph 170 of the Complaint.

171. Covetrus denies the allegations set forth in Paragraph 171 of the Complaint because they purport to summarize and/or characterize Covetrus' Frequently Asked Questions, the terms of which speak for themselves. Covetrus denies any remaining allegations set forth in Paragraph 171 of the Complaint.

172. Paragraph 172 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Covetrus denies the allegations set forth in Paragraph 172 of the Complaint.

173. Paragraph 173 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Covetrus denies the allegations set forth in Paragraph 173 of the Complaint.

**PRAYER FOR RELIEF**

174. Paragraph 174 of the Complaint sets forth a prayer of relief to which no response is required. To the extent a response is required, Covetrus denies that Plaintiff is entitled to the relief he seeks in Paragraph 174 of the Complaint.

175. Paragraph 175 of the Complaint sets forth a prayer of relief to which no response is required. To the extent a response is required, Covetrus denies that Plaintiff is entitled to the relief he seeks in Paragraph 175 of the Complaint.

176. Paragraph 176 of the Complaint sets forth a prayer of relief to which no response is required. To the extent a response is required, Covetrus denies that Plaintiff is entitled to the relief he seeks in Paragraph 176 of the Complaint.

177. Paragraph 177 of the Complaint sets forth a prayer of relief to which no response is required. To the extent a response is required, Covetrus denies that Plaintiff is entitled to the relief he seeks in Paragraph 177 of the Complaint.

178. Paragraph 178 of the Complaint sets forth a prayer of relief to which no response is required. To the extent a response is required, Covetrus denies that Plaintiff is entitled to the relief he seeks in Paragraph 178 of the Complaint.

179. Paragraph 179 of the Complaint sets forth a prayer of relief to which no response is required. To the extent a response is required, Covetrus denies that Plaintiff is entitled to the relief he seeks in Paragraph 179 of the Complaint.

180. Paragraph 180 of the Complaint sets forth a prayer of relief to which no response is required. To the extent a response is required, Covetrus denies that Plaintiff is entitled to the relief he seeks in Paragraph 180 of the Complaint.

181. Paragraph 181 of the Complaint sets forth a prayer of relief to which no response is required. To the extent a response is required, Covetrus denies that Plaintiff is entitled to the relief he seeks in Paragraph 181 of the Complaint.

## **JURY DEMAND**

182. Covetrus denies that Plaintiff is entitled to a trial by jury in this matter as alleged in Paragraph 182 of the Complaint. Specifically, Plaintiff agreed to waive his right to trial by jury in his February 13, 2024, Offer Letter.

To the extent Covetrus has not responded to any of the allegations set forth in the Complaint, those allegations are denied.

## AFFIRMATIVE DEFENSES

Covetrus asserts that Plaintiff's claims against it should be denied, in whole or in part, by the defenses set forth below. Covetrus has not knowingly or intentionally waived any applicable affirmative defense and reserves the right to assert and rely on other applicable affirmative defenses as may later become available or apparent. Covetrus further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against Covetrus should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Covetrus should be dismissed because this Court lacks subject matter jurisdiction over this matter.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Covetrus should be dismissed because this Court lacks personal jurisdiction over Covetrus.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Covetrus should be dismissed due to improper venue.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Covetrus should be dismissed for insufficient service of process.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for failure to exhaust administrative remedies.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Covetrus should be dismissed, in whole or in part, because Covetrus has complied with all applicable statutes, regulations, and contracts.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Covetrus should be dismissed, in whole or in part, because the claims are barred by the doctrines of unclean hands, laches or estoppel.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Covetrus should be dismissed, in whole or in part, because the Plaintiff has failed to mitigate his damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because at all relevant times, Covetrus acted in good faith toward Plaintiff, and any actions taken towards Plaintiff were the result of legitimate, non-discriminatory, and non-retaliatory business reasons which were not pretextual.

**TWELFTH AFFIRMATIVE DEFENSE**

At all relevant times, Covetrus maintained reasonable, written policies against harassment, discrimination, and retaliation as well as an effective written, internal complaint investigation and resolution procedure. Plaintiff was aware of Covetrus' policies and procedures but did not utilize these procedures.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff suffered damages as alleged, such damages were caused or contributed to by Plaintiff's own actions or actions of others over whom Covetrus exercises no control.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Covetrus' actions toward Plaintiff were taken for good cause and in good faith and were based on reasonable factors other than Plaintiff's alleged protected conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff waived his right to a trial by jury and his jury demand as set forth in the Complaint should therefore be stricken.

**WHEREFORE**, having fully listed its defenses and having fully answered the Complaint, Covetrus prays as follows:

1. That judgment be entered in favor of Covetrus and against Plaintiff on the Complaint;
2. That the costs of this action, including attorneys' fees, be assessed against Plaintiff;
3. That the Court strike Plaintiff's Jury Demand; and
4. That the Court grant such other and further relief as it may deem just and proper.

[signatures to follow]

Respectfully submitted,

COVETRUS, INC.

By Its Attorneys,

*/s/ Diana A. Balluku*
Diana A. Balluku (Bar No. 006353)
Justin F. Keith (*pro hac vice forthcoming*)
GREENBERG TRAURIG LLP
One International Place
Boston, MA 02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001
diana.balluku@gtlaw.com
justin.keith@gtlaw.com

DATED: February 6, 2026

**CERTIFICATE OF SERVICE**

I, Diana A. Balluku, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be served on all those non-registered participants by mail on February 6, 2026.

*/s/ Diana A. Balluku*
Diana A. Balluku